*759 OPINION.
Morris:
The taxpayer contends that' the assets with respect to which the amortization allowance is claimed are “ facilities constructed, erected, installed, or acquired on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war” within the purview of section 234 (a) (8) of the Revenue Act of 1918, and that it is entitled to a reasonable deduction for amortization of the cost of these assets in computing its taxable net income. It has computed the allowance for amortization of the cost of miners’ houses by comparison of the actual cost of construction with the estimated cost of replacement under normal postwar conditions, using the ratios in respect of costs of material and labor *760 determined and published in Treasury Decision 8333. By such comparison the actual cost of construction of 35 houses exceeded the estimated postwar cost of replacement by $9,537.85, which is the amount of the amortization claimed with respect to these houses. It claims an amortization allowance with respect to the other assets in an amount equivalent to 50 per cent of their actual cost. The whole deduction claimed has been disallowed by the Commissioner, on the ground that following the termination of the amortization period the taxpayer continued to use all of these assets in the business to their full capacity.
That the assets upon which amortization is claimed were employed in the business subsequent to the termination of the amortization period is clear, but no evidence has been presented to show the extent to which they were so employed, or the actual or estimated cost of the replacement of these assets under normal postwar conditions.
On the second assignment of error the Commissioner contends that the amount he has disallowed is made up entirely of expenditures for items of a capital nature. We find from the evidence before us, however, that of the total amount disallowed by the Commissioner, $188.36, which was expended for iron pipe, iron plates, track repairs, track inspection, and track rentals, was an ordinary and necessary expense. The assets acquired for the purpose of keeping the tracks from the main-entry roads in touch with the face of the coal, including steel rails, ties, cinders for roadbed, and spikes, totaling $5,571.10, were capital items having a useful life of several years, and therefore the cost thereof is not deductible as an ordinary and necessary expense. Appeal of Union Collieries Co., 3 B. T. A. 540. The items making up the balance of the amount of $1,613.84 disallowed by the Commissioner have not been identified by the taxpayer, and we have no knowledge as to their nature.
The Commissioner disallowed certain expenditures made for equipment repairs on the ground that they were of a capital nature. We find from the evidence before us that of the total amount disallowed by the Commissioner $1,725.30 was expended for ordinary and necessary expense. The deduction of $1,234.65 expended for steel rails and frogs is disallowed for the reasons set forth, respecting similar expenditures under structure repairs. The cost of the mule was a capital expenditure, and therefore not deductible. The items making up the balance of the amount disallowed by the Commissioner of $551.54 have not been identified by the taxpayer, and we have no knowledge as to their nature.
The taxpayer acquired a lease subsequent to March 1, 1913, under the circumstances set out in the findings of fact, without capital outlay. Irrespective of whether the lease had any cash value, the *761 law does not authorize the inclusion in invested capital as paid-in surplus of the value of an asset acquired as herein set forth.
The taxpayer failed to prove by any competent evidence its allegation that the Commissioner erred in determining its profits-tax liability under the provisions of section 328 of the Revenue Act of 1918 to be an amount equivalent to 61 per cent of the net income.
Our conclusions, therefore, on the issues raised by the taxpayer are as follows: (a) The amortization claim of $18,537.82 should be disallowed, (5) structure repairs of $188.36 should be allowed and $7,184.94 disallowed, (c) equipment repairs of $1,725.30 should be allowed and $1,911.19 disallowed, (d) (e) cost of labor on structure repairs of $2,133.40 and on equipment repairs of $1,807.76 should be allowed on the admission of error by the Commissioner, (†) (g) exhaustion of $6,097.83 on the leasehold and its inclusion in invested capital should be disallowed, and (A) the Commissioner’s determination of the profits-tax rate is approved.